IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,451-01






EX PARTE JAMES ALFORD TUTT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F1219047-A IN THE 145TH DISTRICT COURT


FROM NACOGDOCHES COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated assault and sentenced to concurrent terms of five years' imprisonment. He did not appeal
his convictions. 

 Applicant contends that his guilty pleas were involuntary because the plea agreement stated
that he would be considered for shock probation for each conviction after serving 150 days in prison.
See Tex. Code of Crim. Proc. art. 42.12 §§ 3(a), 3g(a)(2), 6. Applicant, however, is not eligible
for shock probation because there were affirmative deadly weapon findings entered in each count.
Id. Applicant asks that the convictions be set aside due to the mistaken belief by him, the State, and
the trial court regarding his eligibility for shock probation. The trial court finds that Applicant's
guilty pleas were not voluntary and recommends that relief be granted. This Court agrees. 

 The judgment in Cause No. F1219047 in the 145th District Court of Nacogdoches County
is set aside, and Applicant is remanded to the custody of the Sheriff of Nacogdoches County to
answer the charges as set out in the indictment. The trial court shall issue any necessary bench
warrant within 10 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: November 27, 2013

Do not publish